IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNIVERSITY OF WISCONSIN
HOSCPITALS AND CLINICS AUTHORITY,        OPINION and ORDER

        Plaintiff,                          15-cv-412-bbc

  vs.

COSTCO EMPLOYEE BENEFITS PROGRAM,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff University of Wisconsin Hospitals and Clinics Authority has filed suit under 29 U.S.C. § 1132(a)(1)(B) to recover benefits it claims are due under the terms of the Costco Employee Benefits Program, which plaintiff has named as the defendant in this action. Defendant has moved to dismiss plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim upon which relief can be granted. I am granting defendant's motion to dismiss because plaintiff has failed to allege facts sufficient to support the drawing of an inference that it qualifies as a participant or beneficiary entitled to file suit under § 1132(a)(1)(B) and it cannot proceed on its claim unless it is one or the other.

      Plaintiff alleges the following facts in its first amended complaint, which is the operative complaint.

1

ALLEGATIONS OF FACT

Defendant provided insurance to Daniel J. Fabisiak under a policy administered by Aetna Health and Life Insurance Company and Aetna Health Insurance Company. The policy obligated defendant to pay for Fabisiak's healthcare services, under certain specified circumstances. On December 13, 2013, plaintiff billed Aetna $9,217.82 for services plaintiff's doctors provided to Fabisiak. Aetna refused to pay for the services on the ground that it did not receive a notification within the required time frame. Plaintiff has completed all claims and appeals procedures required by the benefit plan, but has not obtained payment for the services it rendered to Fabisiak.

OPINION

Plaintiff's claim for benefits is brought under 29 U.S.C. § 1132(a)(1)(B), which affords ERISA plans' "participants" and "beneficiaries" the right to file suit to obtain plan benefits. Id. Defendant's motion to dismiss plaintiff's first amended complaint is grounded on its claim that plaintiff does not qualify as either a plan participant or beneficiary. Plaintiff does not allege that it is a "participant" entitled to file suit under § 1132(a)(1)(B) because the term, "participants," refers only to employees or former employees of a plan sponsor. 29 U.S.C. § 1002(7). Therefore, plaintiff may sue only if it qualifies as a "beneficiary."

A provider can become a "beneficiary" for ERISA purposes if it is designated by either

the plan itself or a plan participant as entitled to a benefit under the plan. 29 U.S.C. § 1002(8). The first amended complaint contains no allegations that could support an inference that plaintiff is a beneficiary under the plan. Plaintiff did say in its complaint that it is Fabisiak's "assignee," but that is a legal conclusion, not a fact. Kennedy v. Connecticut Life Insurance Co., 924 F.2d 698, 700 (7th Cir. 1991) (finding that "[plaintiff], unquestionably a 'participant' as Section 1002(7) uses that term, designated Kennedy as the person to receive her benefits. That makes Kennedy a 'beneficiary.'"). Plaintiff concedes in its opposition brief that Fabisiak never assigned plaintiff his rights under the plan and that without a valid assignment plaintiff cannot claim to be Fabisiak's assignee. Plaintiff apologizes for this "oversight." Pl.'s Opp. Br., dkt. #18 at 2 ("Contrary to the belief of counsel, UWHCA does not possess a signed Assignment from Daniel Fabisiak. Counsel apologizes to the Court and opposing counsel for this oversight[.]"). Plaintiff's concession makes it unnecessary to discuss defendant's allegation that the plan contains an anti-assignment clause.

Although the concession appears to foreclose plaintiff's claims, plaintiff presses on undeterred, arguing that it qualifies as an ERISA beneficiary because it is entitled to a "direct payment" under the plan and it is Fabisiak's "authorized representative." Neither argument saves its suit from dismissal.

Plaintiff's direct payment argument fails for two reasons. First, neither plaintiff's complaint nor the terms of the plan provide that plaintiff is entitled to direct payment from the plan or from Aetna for services it provides. Second, even if there were such a term, the

3

Court of Appeals for the Seventh Circuit made it clear in Pennsylvania Chiropractic Association v. Independence Hospital Indemnity Plan, Inc., 802 F.3d 926, 929 (7th Cir. 2015), that a provider's right to obtain a direct payment does not make it a "beneficiary" for ERISA purposes.  Thus, even if plaintiff had a right to direct payment, that fact would not advance its § 1132(a)(1)(B) claim.  Id. (citing Rojas v. Cigna Health & Life Insurance Co., 793 F.3d 253, 258 (2d Cir. 2015); Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc., 770 F.3d 1282, 1289 (9th Cir. 2014); Hobbs v. Blue Cross Blue Shield of Alabama, 276 F.3d 1236, 1241 (11th Cir. 2001); Ward v. Alternative Health Delivery Systems, Inc., 261 F.3d 624, 627 (6th Cir. 2001)).

Plaintiff's "authorized representative" argument also fails.  Plaintiff asserts that under the plan, a healthcare provider, such as plaintiff, can act as a patient's authorized representative for certain purposes if the patient needs "urgent" treatment.  Although plaintiff's first amended complaint does not include any allegations that Fabisiak received "urgent" care from plaintiff's doctors, plaintiff submitted a second amended complaint as an attachment to its opposition brief that it contends "corrects" this omission.  The second amended complaint merely states that Fabisiak "*urgently* went to the Plaintiff's hospital to receive *urgent* treatment."  Plf.'s Sec. Am. Compl., dkt. #18-1 at ¶ 11 (emphasis added).

This argument is legally frivolous.  Even if plaintiff qualifies as Fabisiak's "authorized representative" under the plan, plaintiff would not be a "beneficiary" under § 1132(a)(1)(B). An ERISA beneficiary is someone who is "entitled to a benefit" under a plan, 29 U.S.C. § 1002(8), not merely someone authorized to vindicate another's right to benefits.  Proceeding

4

as Fabisiak's authorized representative would not change the fact that Fabisiak is the real party-in-interest and the proper beneficiary under the plan; plaintiff would be proceeding in a merely representative capacity. Representing an ERISA beneficiary does not make a provider an ERISA beneficiary itself.

For the reasons discussed above, plaintiff's first amended complaint will be dismissed with prejudice. Plaintiff has not, and cannot, allege facts sufficient to support an inference that it qualifies as either a participant or beneficiary under the Costco Employee Benefits Program. Clearly, plaintiff is not a participant for ERISA purposes and it has conceded that it is not a "beneficiary" by way of an assignment. Its alternative arguments that it has beneficiary status, that it is entitled to direct payment and that it is an "authorized representative," lack any legal basis.

A final note is in order regarding plaintiff's pleading practices. This is not the first time that plaintiff has represented in a pleading that it is a plan participant's "assignee," only to concede later that it never actually received an assignment. See, e.g., University of Wisconsin Hospitals and Clinics Authority v. Aetna Life Insurance Company, 14-cv-882-bbc, 2015 WL 1065559, *2 (W.D. Wis. March 11, 2015). Plaintiff's practice of filing suit first and investigating later is sanctionable. Contrary to what plaintiff may believe, its status as an "assignee" or an "authorized representative" is not a mere pleading technicality, but a fundamental issue that has the potential to affect Mr. Fabisiak's rights adversely. Plaintiff's purported assignment could have the legal effect of divesting Mr. Fabisiak of all control over the subject matter of the assignment and all interest in the rights assigned.

Restatement (Second) of Contracts § 317(1)(1981). Although I will not impose sanctions in this instance, plaintiff is advised that sanctions will be imposed if it continues its nonchalance with respect to its Rule 11 obligation to conduct a proper investigation. Mars Steel Corp. v. Continental Bank N.A., 880 F.2d 928, 932 (7th Cir. 1989)("[Rule 11] requires counsel to read and consider before litigating. Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation.") (internal citation omitted).

ORDER

IT IS ORDERED that the motion to dismiss filed by defendant Costco Employee Benefits Program, dkt. #14, is GRANTED and plaintiff's claim under 29 U.S.C. § 1132(a)(1)(B) is DISMISSED WITH PREJUDICE. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 23d day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge